## J. J. CHAMBLISS *v.* S. B. GALLOWAY, ET AL.

**Sale and Delivery of Personal Property.**

Where A sells to B a quantity of tobacco and delivers the tobacco to B to have it weighed, the title passes, and if the property is lost it is B's loss.

APPEAL FROM CALDWELL CIRCUIT COURT.

January 28, 1876.

OPINION BY JUDGE PRYOR:

The amended petition alleges the unlawful seizure of the appellant's tobacco by the appellees or their agent, and a sale and conversion to their own use. This constitutes a cause of action, and upon a traverse of these allegations the case should have gone to the jury. There is evidence in the record conducing to show that the sale was complete by Fowler to the appellant, and passed to the latter the absolute title.

As between the vendor and vendee when the bargain of sale is made, the title passed unless there is something to be done before the delivery to identify the goods or ascertain the price. In this case there was nothing required to distinguish the article sold and the property delivered to the appellant in order that the latter might have it weighed. This was done in order to enable the parties to ascertain what was due and not for the purpose of completing the sale. If the evidence on the part of appellant is to be considered it was certainly the intent of the parties to make the sale absolute, for the reason that the delivery was made before the tobacco was to be weighed. A sells to B one hundred fat hogs and delivers them, B to have them weighed when he gets them to market and pay the price agreed on. In such a case the title passed and the loss of the property is with B if it should be injured or destroyed, and not the vendor.

In this case the price was paid, the identity of the tobacco certain, and a delivery. The fact that the buyer had to weigh the tobacco after he took it to market will not authorize the conclusion that the title remains in Fowler. A portion of the tobacco was in the actual possession of the appellant. The balance was in a barn in the possession of Fowler and on the land of appellant. The latter had taken samples from the house after the sale with a view of selling it the next day or selling it at once, and before he had the time to take the tobacco in his actual possession by hauling it off, the attachment was levied.

A purchaser, when he buys property, must have time to remove it; and to determine otherwise would be inconsistent with reason as well as policy of the law. *Taylor v. Smith,* 17 B. Mon. 536, and cases cited.

It appears in this case also that the action in which this attach-

ment was obtained had been dismissed. The tobacco was never subjected to appellees' debt and the attachment having been dismissed we cannot well see how the appellees, with no claim upon the tobacco or its proceeds, can resist the title and claim of the appellant. Whether the sale was made or not is a question for the jury to determine, and in applying the law to the testimony in this case we have regarded the statements of appellant's witnesses with reference to the contract as uncontroverted. The case should have gone to the jury. Judgment *reversed* and cause remanded with directions to award appellant a new trial and for further proceedings consistent with this opinion. *Newcomb, Buckhanan & Co., et al. v. Cabell, et al.*, 10 Bush 460.

G. W. Duvall, for appellant. J. R. Hulett, for appellees.